

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2004

# Sidibeh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Sidibeh v. Atty Gen USA" (2004). *2004 Decisions.* Paper 460.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/460

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4332

FATOUMATA SIDIBEH,

Petitioner

v.

KENNETH JOHN ELWOOD, DISTRICT
DIRECTOR, IMMIGRATION AND
NATURALIZATION SERVICE;
JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES;
JAMES W. ZIGLAR, COMMISSIONER,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondents

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

(No.  A 76 581 535)

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2004

Before: ALITO, SMITH, AND DuBOIS*, Circuit Judges.

_____

*The Honorable Jan E. DuBois, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

PER CURIAM:

This is a petition for review of an Immigration Judge's decision denying asylum, withholding of removal, and relief under the Convention Against Torture. As we write only for the parties involved, we need not review all the facts. We hold that we are without jurisdiction to review the Immigration Judge's finding of untimeliness and that Petitioner's other argument is foreclosed by a recent decision of this court.

Fatoumata Sidibeh ("Sidibeh") is a female native and citizen of The Gambia and member of the Sarahuli Tribe. On February 15, 1995, Sidibeh entered the United States as a non-immigrant visitor for pleasure and overstayed the visa's March 30, 1995, deadline. On May 5, 1998, the Immigration and Naturalization Service ("INS") served her with a Notice to Appear ("NTA"), subjecting her to removal from the United States.

Sidibeh admitted the allegations of the NTA, and filed an application for asylum, withholding of removal, and protection under the Convention Against Terrorism ("CAT"), claiming that she faced circumcision in The Gambia for her arranged marriage to her cousin. Sidibeh claimed that, pursuant to family and Sarahuli custom, she would be circumcised before her marriage.

The Immigration Judge ("IJ") presiding found Sidibeh's testimony questionable and ordered a medical examination that revealed that Sidibeh had previously undergone female circumcision, which was consistent with State Department reports that found that the Sarahuli tribe performs circumcision within one week following birth and not upon marriage.

At the conclusion of the hearing, the IJ held that Sidibeh was barred from asylum because she failed to file her asylum application within the required one-year statutory period. 8 U.S.C. § 1158(a)(2)(B). The IJ further held that Sidibeh had made an insufficient showing of changed circumstances to warrant a waiver of the one-year time limit. 8 U.S.C. 1158(a)(2)(D). As for Sidibeh's remaining CAT claim, the IJ held that Sidibeh failed to establish a clear probability of persecution based on race, religion, nationality, membership in a particular social group, or political opinion.[1] The Board of Immigration Appeals ("BIA") affirmed without opinion.

We will "not disturb the IJ's credibility determination and findings of fact if they are 'supported by reasonable, substantial and probative evidence on the record considered as a whole.'" Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003) (quoting

---

[1]The IJ found Sidibeh's testimony inconsistent and contradictory, stating that such contradiction naturally weakens credibility. Placing much weight on inconsistencies concerning her previous circumcision and her testimony that her parents told her she would have to be circumcised before she married, the IJ refused to exercise favorable discretion.

The IJ further stated that because Sidibeh had already been circumcised, the procedure would no longer apply and, thus, found no "well-founded" fear of persecution.

3

Balasubramanrim v. I.N.S., 143 F.3d 157, 161 (3d Cir. 1998)) (internal quotation marks and citation omitted). We review de novo the issue of whether we have jurisdiction to determine what constitutes extraordinary circumstances for a late-filed asylum petition. Tarrawally, 338 F.3d at 184 (citing Valansi v. Ashcroft, 278 F.3d 203, 207 (3d Cir. 2002)).

First, we hold that we are without jurisdiction to hear a challenge to the IJ's determination that Petitioner did not file a timely asylum application under 8 U.S.C. § 1158(a)(2)(B) and did not qualify for relief under 8 U.S.C. § 1158 (a)(2)(D). Under 8 U.S.C. § 1158(a)(3), "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph [(a)](2)," which includes the IJ's conclusions with respect to the timeliness of Petitioner's asylum application and whether changed circumstances warrant waiving the one-year time limitation for such applications. See Tarrawally, 338 F.3d at 185.[2]

Second, Sidibeh's argument that the BIA's affirmance of the IJ's order without

---

[2]While we have jurisdiction under INA section 242, 8 U.S.C. § 1252, to review the IJ's denial of Petitioner's request for withholding of removal or protection under CAT, Petitioner casts her argument solely in terms of her asylum claim and has therefore waived any argument that the IJ erred with respect to those determinations. See F.D.I.C. v. Deglau, 207 F.3d 153, 169 (3d Cir. 2001) (finding a challenge waived if not in the opening brief).

Even if there had been no waiver, we would still find that the IJ's adverse credibility determination was supported by substantial evidence and that the petitioner failed to meet her burden with respect to Petitioner's request for withholding of removal or protection under CAT.

4

opinion denied her of an individualized determination of her case is foreclosed by <u>Dia v.</u>

<u>Ashcroft</u>, 353 F.3d 228, 238 (3d Cir. 2003).

For the foregoing reasons we deny the petition for review of the BIA's ruling.